**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION (DETROIT)**

In re:

                                   Case No. 25-40952

Jacqueline Elizabeth Ard                Chapter 13
and Terry Frank Nicola                 Hon. Maria L. Oxholm

        Debtors.

_____/

## DEBTORS RESPONSE TO THE COURTS ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION

COMES NOW, Jacqueline E. Ard and Terry F. Nicola, pro se Debtors in the above-captioned matter, hereby files this Response to the Court's Order to Show Cause Why Case Should Not Be Dismissed For Lack Of Jurisdiction dated February 3, 2025, and for reasons stated herein, respectfully requests that the Court not dismiss this action.

## INTRODUCTION

The Order to Show requires Jacqueline E. Ard and Terry F. Nicola to appear before the court and explain why the Chapter 13 case filed on January 31, 2025, should not be dismissed for lack of jurisdiction.

1. This honorable court noted that on January 31, 2025, the debtors filed a Chapter 13 Voluntary Petition for Individuals Filing Bankruptcy ("Petition"). The Petition indicated that the Debtors' principal residence is 239 Beach City Road, Unit 3218, Hilton Head Island, SC 29926, and that their mailing address is 21215 Dartmouth Drive, Southfield, MI 48075.

2. The Petition further indicates that Debtors are filing a bankruptcy in this district

because this is their "Current Residence Principal Place of Business 180 Days Before Filing."

3. Lastly, this Honorable Court notes that Debtors, on October 4, 2024, filed for bankruptcy in South Carolina, and based on the information provided in the petition, it is unclear whether the Debtors have jurisdiction to file in the Eastern District of Michigan Southern Division (Detroit)

Jacqueline Ard respectfully submits the following:

## CASE LAW

1. Title 28 of the United States Code, Section 1408 paragraph 1 sets forth the rule for venue in voluntary bankruptcy cases. The section states that the debtor should file their bankruptcy petition in the district where either their domicile, residence, principal place of business, or principal assets have been located for the longest portion of the 180 days preceding the bankruptcy filing.

2. Michigan law, defines a "domicile" as the place where a person has his true, fixed, and permanent home and principal establishment to which he or she intends to return whenever absent.

3. The Courts have decided that relevant to a Bankruptcy Filing, residence is defined as "the place where one actually lives," *see In re: DeMeter, 478 B.R. 2812. The court defines "the meaning of "residence" in §522(d)(1). The primary issue to be decided is whether, as the Trustee contends, a debtor who owns and uses more than one home may only claim a "residence" exemption under § 522(d)(1) for the home that is his or her principal residence. The Court must reject the Trustee's argument. If the word "residence" in § 522(d)(1) is unambiguous, the Court must give that word its plain*

2

*meaning, unless doing so would lead to an absurd result or would be demonstrably contrary to Congressional intent. See Lamie v. United States Trustee, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) (citation omitted) ("It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.' "); United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (citations omitted)("where ... the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms' " and "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.' "); see also Kuehner v. Irving Trust Co., 299 U.S. 445, 449, 57 S.Ct. 298, 81 L.Ed. 340 (1937)("The legislative history of this provision ... cannot affect its interpretation, since the language of the act as adopted is clear.") The Court agrees with Debtors that they may claim an exemption in the Cheboygan Property, even if it was not their principal place of residence on the petition date. This is so because "residence" as used in § 522(d)(1), unambiguously, is not limited to a "principal residence," and a debtor can have more than one "residence." And the evidence, and the facts found by the Court in part II of this opinion, establish that the Cheboygan Property was one of the Debtors' two residences as of the petition date, under the plain meaning of the word "residence........the word "residence" is not defined anywhere in the Bankruptcy Code. One might argue that the word "residence" in § 522(d)(1) is ambiguous, at least in some respects. But with respect to the primary issue in this case, the word is not ambiguous. As to that issue, any ambiguity that arguably might otherwise have existed is eliminated, by the fact that Congress has used the phrases "principal residence" and "primary residence" in many other sections of the Bankruptcy Code, but not in § 522(d)(1), which uses only the unmodified word "residence." Congress has explicitly, and repeatedly,*

3

*drawn a distinction between "residence" on the one hand, and "principal residence" and "primary residence" on the other hand. This makes clear that "residence" is not limited to a debtor's principal residence, and that a debtor may have more than one "residence" for purposes of § 522(d)(1). Compare 11 U.S.C. §§ 101(13A); 101(18)(A); 101(18)(B)(ii); 101(19A)(A)(i); 101(19A)(B)(ii)(II); 101(27B)(A); 522(p)(2); 524(j)(1); 1123(b)(5); 1322(b)(2); 1322(c)(1) and 1322(c)(2)(all using "principal residence"), and § 707(b)(2)(A)(iii)(II) (using "primary residence"), with 11 U.S.C. §§ 522(d)(1); 522( o )(1); 522( o )(2); 522(p)(1)(A); and 522(p)(1)(B)(all using "residence" alone). The use of the word "residence" in § 522(d)(1), without the limiting modifier "principal" or "primary," shows a Congressional intent to enable debtors to claim an exemption in a broader category of property than just a debtor's principal residence.... While the Bankruptcy Code does not define "residence," the term is not ambiguous. According to Black's Law Dictionary a residence is "the place where one actually lives," and elaborates that a person thus may have "more than one residence at a time." BLACK'S LAW DICTIONARY 1423 (9th ed. 2009). That a person can have multiple residences is proven not merely by reading the obituaries but by the existence of the ubiquitous construct "principal residence."*

4. The Supreme Court issued its opinion on one's principal place of business: *On February 23, 2010, the Supreme Court ruled: In Hertz v. Friend, 130 S. Ct. 1181 (2010). One of the issues in the case was the location of the principal place of business of a corporation for purposes of diversity jurisdiction. Writing for a unanimous court, Justice Stephen G. Breyer, after examining the federal circuit courts of appeals' "divergent and increasingly complex interpretations" regarding the issue, ruled as follows: We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in*

4

*practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).*

## RELEVANT FACTS

5. Debtors share nine properties that they interchangeably allocate as their residence, second home, or principal place of business throughout the calendar year.

6. Debtors reside in separate homes throughout the calendar year. (SEE EX "A")

7. The property listed at 239 Beach City Road Unit 3218, Hilton Head Island, SC 29926, is Debtor Ard's domicile and place she intends to return to.

8. The property located at 663 William Hilton Unit 4408, Hilton Head Island, SC 29928 is Debtor Nicola's domicile and place he intends to return to.

9. Both Debtors currently reside in Debtor Ards elderly father's home to aid him and accommodate the special needs of Debtor Nicola who is permanently disabled.

10. Debtors have resided in their current home in Michigan for 113 Days out of 180 days preceding the filing of their case.

11. Debtor Ard has maintained 21215 Dartmouth, Southfield, MI 48076 as her primary residence for tax purposes and principal place of business for the last 20 years.

12. On October 4, 2024, the Debtors filed Chapter 13 in South Carolina where the Debtors had resided a longer portion of 180-days preceding their filing. The case was automatically dismissed pursuant to 11 USC §521(i)(1).

In light of the foregoing, debtors respectfully request that the court not dismiss the case for lack of jurisdiction. To the extent that the court has remaining concerns about the appropriate jurisdiction the debtors respectfully request that the court require more information.

**Dated: February 13, 2025**　　　　　Respectfully submitted,

Jacqueline E. Ard
21215 Dartmouth
Southfield, MI 48076
313-770-7051

Terry F. Nicola
21215 Dartmouth
Southfield, MI 48076
724-494-6884

6

# Exhibit A

# JURISDICTION TIMELINE

0

## 2024 - 2025

PRIORITY KEY:   MICHIGAN   SOUTH CAROLINA   PENNSYLVANIA

| DATE | ACTIVITY | LOCATION | TIME SPENT (DAYS) | DEBTOR 1/DEBTOR 2 | ADDITIONAL INFO |
|---|---|---|---|---|---|
| Jan 1- Jan 3, 2024 | | PITTSBURGH, PA | 2 | BOTH | |
| Jan 3- Jan 11,2024 | FLEW TO NEVADA | NEVADA | 8 | BOTH | |
| Jan 12-Jan 13,2024 | | PITTSBURGH, PA | 1 | BOTH | |
| Jan 13-Jan 14,2024 | | DETROIT, MI | 1 | BOTH | |
| Jan 14-Jan 15,2024 | CLEANED UNIT | FARWELL, MI | 1 | DEBTOR 1 | 2 HR 34 MIN 156 MI |
| Jan 16-Jan 20,2024 | | SOUTHFIELD, MI | 4 | BOTH | 2 HR 36 MIN 156 MI |
| Jan 20-Jan 21,2024 | CLEANED UNIT | FARWELL, MI | 1 | BOTH | 2 HR 34 MIN 156 MI |
| Jan 22-Jan 29,2024 | | SOUTHFIELD, MI | 7 | BOTH | |
| Feb 1-Feb 3,2024 | | PITTSBURGH, PA | 2 | BOTH | |
| Feb 4,2024 | | PITTSBURGH, PA | 1 | BOTH | |
| Feb 5,2024 | DROVE | JONESVILLE, NC | 1 | BOTH | 11 HR 3 MIN  717 MI |
| Feb 6-Feb 18,2024 | REFURBISH UNIT | HILTON HEAD | 12 | BOTH | |
| Feb 19=Feb 22,2024 | | PITTSBURGH, PA | 4 | BOTH | |
| Feb 22-Feb 26,2024 | | PITTSBURGH, PA | 2 | BOTH | |
| Feb 26-Feb 28,2024 | | SOUTHFIELD, MI | 2 | BOTH | |
| Mar 1-Mar 2,2024 | | SOUTHFIELD, MI | 2 | BOTH | |
| Mar 2-Mar 3,2024 | CLEANED FARWELL | FARWELL, MI | 1 | BOTH | |
| Mar 3-Mar6  2024 | | SOUTHFIELD, MI | 3 | BOTH | |
| Mar 6-Mar 21,2024 | | PITTSBURGH, PA | 15 | DEBTOR 1 | AA FLIGHT  DTW-PIT 6:57 P  11:33 P |
| Mar 21-Mar 31,2024 | REFURBISH  #4405 | HILTON HEAD | 11 | BOTH | |
| Apr 1-Apr 21,2024 | | HILTON HEAD | 21 | BOTH | |
| Apr 22-Apr 25,2025 | | Amite LOUISIANA | | BOTH | |
| Aprf 25-Apr 30,2024 | | HILTON HEAD | 6 | BOTH | |
| May 1-May 18 ,2024 | | HILTON HEAD | 18 | BOTH | |
| May 22-May 23,2024 | | SOUTHFIELD, MI | 1 | BOTH | |
| May 23-May 24,2024 | | PITTSBURGH, PA | 1 | BOTH | |
| May 24-May 28, 2024 | | HILTON HEAD | 4 | BOTH | |
| May 29-May  31,2024 | | PITTSBURGH, PA | 3 | BOTH | |
| Jun 1-Jun 5, 2024 | | PITTSBURGH, PA | 5 | BOTH | |
| Jun 5-Jun 7, 2024 | | HILTON HEAD | 3 | BOTH | |
| Jun 7-Jun 10,2024 | | PITTSBURGH, PA | 3 | BOTH | |
| Jun 11-Jun 22, 2024 | | HILTON HEAD | 11 | BOTH | |
| Jun 23-Jun 26,2024 | | PITTSBURGH, PA | 3 | BOTH | |
| Jun 26-Jun30, 2024 | | HILTON HEAD | 4 | BOTH | |
| Jul 1-Jul 4, 2024 | | HILTON HEAD | | BOTH | |

| DATE | ACTIVITY | LOCATION | TIME SPENT (DAYS) | DEBTOR 1/DEBTOR 2 | ADDITIONAL INFO |
|---|---|---|---|---|---|
| Jul 4-Jul 8,2024 | | SAN DIEGO, CA | 4 | BOTH | |
| Jul 12-Jul 27. 2024 | | PITTSBURGH, PA | 15 | DEBTOR 2 | |
| Jul 10-Jul 27,2024 | | HILTON HEAD | 17 | DEBTOR 1 | |
| Jul 27-Jul 31,2024 | WORK ON MENDOTA | DETROIT, MI | 4 | DEBTOR 1 | |
| Aug 1-Aug 5,2024 | | PITTSBURGH, PA | 4 | BOTH | |
| Aug 5-Aug 8, 2024 | WORK ON MENDOTA | DETROIT, MI | 3 | DEBTOR 1 | |
| Aug 8-Aug 9, 2024 | CLEAN FARWELL | FARWELL, MI | 1 | DEBTOR 1 | |
| Aug 9-Aug 16. 2024 | | DETROIT, MI | 8 | DEBTOR 1 | |
| Aug 16-Aug 22,2024 | | PITTSBURGH, PA | 6 | BOTH | |
| Aug 23-Aug 29, 2024 | CLEAN UNITS | HILTON HEAD | 6 | BOTH | |
| Aug 30-Aug 31, 2024 | | Amite LOUISIANA | 2 | BOTH | |
| Sep 1-Sep 3, 2024 | | Amite LOUISIANA | 2 | BOTH | |
| Sep 3-Sep 30, 2024 | | HILTON HEAD | 27 | BOTH | |
| Oct 1-Oct 6, 2024 | | HILTON HEAD | 6 | BOTH | |
| Oct 8-Oct 12,2024 | | PITTSBURGH, PA | 3 | BOTH | |
| Oct 12-Oct 19, 2024 | | SOUTHFIELD, MI | 7 | BOTH | |
| Oct 19-Oct 20,2024 | CLEAN UP OAK RUN | FARWELL, MI | 1 | BOTH | |
| Oc t 20-Oct 27,2024 | | SOUTHFIELD, MI | 7 | BOTH | |
| Oct 27-Oct 28,2024 | CLEAN FARWELL | FARWELL, MI | 1 | BOTH | |
| Oct 29-Oct 31, 2024 | | SOUTHFIELD, MI | 3 | BOTH | |
| Nov 1-Nov5, 2024 | | SOUTHFIELD, MI | 5 | BOTH | |
| Nov 5-Nov 8,2024 | | PITTSBURGH, PA | 3 | BOTH | |
| Nov 8-Nov 30,2024 | | SOUTHFIELD, MI | 22 | BOTH | |
| Dec 1-Dec 5, 2024 | | SOUTHFIELD, MI | 5 | BOTH | |
| Dec 5-Dec 12, 2024 | | PITTSBURGH, PA | 7 | BOTH | |
| Dec 12-Dec 31, 2025 | | SOUTHFIELD, MI | 19 | BOTH | |
| Jan 1-Jan 31, 2025 | | SOUTHFIELD, MI | 31 | BOTH | |
| Feb 1-Feb 10, 2025 | | SOUTHFIELD, MI | 10 | BOTH | |
| Feb 10-Feb 12,2025 | | PITTSBURGH, PA | 2 | BOTH | |
| Feb 13-Feb 28,2025 | | SOUTHFIELD, MI | 15 | BOTH | |
| Mar 1-Mar 15, 2025 | | SOUTHFIELD, MI | 15 | BOTH | |

| | | | |
|---|---|---|---|
| **Feb** | **Michigan** | **10 Days** | |
| **Jan** | **Michigan** | **31 Days** | |
| **Dec** | **Michigan** | **24 Days** | |
| **Nov** | **Michigan** | **27 Days** | |
| **Oct** | **Michigan** | **19 Days** | |
| **Sept** | **Michigan** | **0** | |
| **Aug** | **Michigan** | **12 Days** | |
| **TOTAL DAYS** | **MICHIGAN** | **123 DAYS** | |